IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| **PHILIP MORRIS USA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:15 cv00577** |
| | ) | |
| **AMERICAN ACCESSORIES** | ) | |
| **INTERNATIONAL, L.L.C.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

COMES NOW THE DEFENDANT, AMERICAN ACCESSORIES, INTERNATIONAL L.L.C. (AAI), by counsel, and in answer to the Complaint filed herein sets forth as follows:

## FIRST DEFENSE
## (RESPONSE TO ALLEGATIONS OF THE COMPLAINT)

1. Paragraph 1is denied as phrased. Paragraph 1 mischaracterizes the facts. Altria Group Distribution Company (Altria) sought AAI's assistance in developing a promotional item as part of a marketing campaign. AAI markets itself as a product design, development and execution company who partners with clients to create products specifically in accordance with its client's requests, standards, practices and protocols. All other allegations in Paragraph 1 are denied.

2. Paragraph 2 is denied. AAI is without sufficient information to admit or deny the Plaintiff's allegations about complaints "to date" regarding the flashlight, and these allegations are therefore denied.

3.   Paragraph 3 contains legal conclusions requiring no response from the Defendant. Paragraph 3 purports to represent the contents of a document, and the document speaks for itself. To the extent a further response is required, Paragraph 3 is denied.

4.   Paragraph 4 is denied.

5.   Defendant is without sufficient information to admit or deny Paragraph 5 with respect to the alleged actions of PM USA.  Defendant admits that the Consumer Product Safety Commission approved a recall plan for the 3-in-1 flashlight.  To the extent that Paragraph 5 purports to characterize that plan or the process that led to its approval, Paragraph 5 is denied. To the extent Paragraph 5 alleges, suggests or claims that the Defendant had any responsibility to the Plaintiff with regard to the decision to conduct a complete product recall, Paragraph 5 is denied.

6.   Paragraph 6 contains legal conclusions not requiring responses from the Defendant.  To the extent that a response is otherwise required, the Paragraph is denied.

7.   The Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 and the same are therefore denied.

8.   In response to Paragraph 8, the Defendant admits that it is a limited liability company formed under the laws of the State of Tennessee, with its principal place of business located at 550 West Main Street, Suite 825, Knoxville, Tennessee.  AAI admits that its members are Eric L. Zeanah and Cassie V. McMahan, and that Mr. Zeanah and Ms. McMahan are residents of Tennessee.  The remaining allegations are superfluous, conclusory and relate to writings which speak for themselves.

9.  In response to Paragraph 9, the Defendant admits that there is diversity of citizenship but states that it lacks sufficient information to know the amount that Plaintiff seeks to recover in this case.  AAI denies that Plaintiff has any meritorious claims or is entitled to any recovery.

10. Paragraph 10 is a legal conclusion requiring no response from the Defendant.

11. Paragraph 11 is a legal conclusion requiring no response from the Defendant.

12. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 12 and the same are therefore denied.

13. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 and the same are therefore denied.

14. In response to Paragraph 14, AAI admits that David Zeanah had communications with Altria, both via email and via telephone, regarding the development of a compass related product, and that these included discussion of a flashlight/compass with a storage cylinder for matches or other items that the user may wish to carry in the product.  AAI denies the characterization of those communications in Paragraph 14.  Paragraph 14 refers to certain emails, and AAI states that those emails speak for themselves and denies any characterization of those emails.

15. Paragraph 15 is denied as phrased.  AAI'S  original proposed design did not include matches or a method to strike matches.  AAI did not propose that a striker pad be located or affixed inside the cylinder as those directives came from Altria.  AAI denies that the product contained a design flaw.  The matches were separated from the striker pad by a foam insert, and the matches could be stored so that the igniting ends of the matches were facing away from the striker pad.

16. Paragraph 16 is denied

17. Paragraph 17 is denied.

18. Paragraph 18 is denied as phrased.  AAI informed Altria a foam insert would be placed between the matches and the striker pad, and that this would be done to promote safety.  Altria was expressly aware that the foam pad was being included for this purpose.  Moreover, AAI submitted all proposed instructions for the product to Altria for review and approval in advance of use, and Altria provided that approval.

19. The Defendant is without sufficient information to admit or deny the allegations of Paragraph 19 and footnote 1 with respect to the Plaintiff and Altria.  AAI admits that it supplied flashlights as directed.  The relevant contractual documents speak for themselves.

20. AAI is without sufficient information to admit or deny Paragraph 20 and the same is therefore denied.

21. In response to Paragraph 21, AAI states that the documents speak for themselves.

22. In response to Paragraph 22, AAI states that the documents speak for themselves.

23. In response to Paragraph 23, AAI states that the documents speak for themselves.

24. Paragraph 24 is denied.

25. AAI is without sufficient information to admit or deny Paragraph 25 and the same is therefore denied.

26. AAI is without sufficient information to admit or deny Paragraph 26, and the same is therefore denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied as phrased.

30. Paragraph 30 is denied.    Mr. Zeanah sent an email to Diane Pickney and Rick Clements at Altria, and that email speaks for itself.

31. The Defendant is without sufficient information to admit or deny Paragraph 31 with respect to the alleged activities of PM USA, and the same are therefore denied. AAI fulfilled its contractual duties to address consumer claims and any payment by PM USA was a gratuitous payment that is therefore PM USA's sole obligation.

32. The Defendant is without sufficient information to admit or deny Paragraph 32 with respect to the alleged activities of PM USA, and the same are therefore denied. Moreover, the allegations of Paragraph 32 are denied as phrased.

33. Paragraph 33 contains legal conclusions requiring no response from AAI.  To the extent any response is required, the Paragraph is denied.

34. The Defendant is without sufficient information to admit or deny Paragraph 34 with respect to the alleged activities of PM USA, and the same are therefore denied.  Moreover, any allegations, claims, or assertions regarding the goal, efficiency, or necessity of the complete product recall plan are denied.

35. AAI is without sufficient information to admit or deny the allegations in Paragraph 35 regarding the Plaintiff's alleged dealings with CPSC, and these allegations are therefore denied. AAI also denies the allegations that the objective was to maximize the effectiveness of the recall and to incentivize consumers to return the flashlight and warn them of any hazard.

36. AAI is without sufficient information to admit or deny the allegations of Paragraph 36. Paragraph 36 refers to certain documents and statements of the Consumer Product Safety Commission, which speak for themselves. AAI fulfilled its contractual duties to address

consumer claims and any payment by PM USA was a gratuitous payment that is therefore PM USA's sole obligation.

37. AAI is without sufficient information to admit or deny the allegations of Paragraph 37. To the extent a response is required, Paragraph 37 is denied.

38. AAI is without sufficient information to admit or deny the allegations of Paragraph 38. To the extent a response is required, Paragraph 38 is denied.

39. AAI is without sufficient information to admit or deny the allegations of Paragraph 39, however, to the extent that any such costs and expenses were incurred, those costs and expenses are not the responsibility of AAI.  To the extent a response is otherwise required, Paragraph 39 is denied.

40. AAI is without sufficient information to admit or deny the allegations of Paragraph 40.

41. Paragraph 41 is denied as phrased.

42. In response to Paragraph 42, the Defendant incorporates its responses to Paragraphs 1-41.

43. In response to Paragraph 43, the Defendant asserts that the documents speak for themselves.

44. In response to Paragraph 44, the Defendant asserts that the documents speak for themselves.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. In response to Paragraph 50, the Defendant incorporates its responses to Paragraphs 1-49.

51. In response to Paragraph 51, the Defendant asserts that the documents speak for themselves.

52. Paragraph 52 contains a legal conclusion requiring no response from the Defendant.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. In response to Paragraph 55, the Defendant incorporates its responses to Paragraphs 1-54.

56. Paragraph 56 contains legal conclusions requiring no response from the Defendant.

57. In response to Paragraph 57, the Defendant asserts that the documents speak for themselves.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. In response to Paragraph 61, the Defendant incorporates its responses to Paragraphs 1-60.

62. Paragraph 62 contains legal conclusions requiring no response from the Defendant.

63. Paragraph 63 is denied as phrased.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. In response to Paragraph 68, the Defendant incorporates its responses to Paragraphs 1-67.

69. Paragraph 69 contains a legal conclusion requiring no response from the Defendant.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. Any and all allegations contained in the Complaint, including any in the Prayer for Relief, which are not specifically addressed in the above paragraphs, are expressly denied.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Plaintiff acted as a volunteer and the Defendant is not responsible for the Plaintiff's alleged damages.

## FOURTH DEFENSE

Estoppel.

## FIFTH DEFENSE

Unclean hands.

## SIXTH DEFENSE

The alleged product defect, if it existed at all, was readily observable to Plaintiff, Plaintiff's corporate affiliates, and the consumer.

## SEVENTH DEFENSE

Breach of contract.

## SEVENTH DEFENSE

Lack of privity of contract.

8

### EIGHTH DEFENSE

Waiver.

### NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff accepted the goods.

### TENTH DEFENSE

Plaintiff's claims for damages are barred to the extent Plaintiff asks AAI to pay costs of recall, legal fees, and other expenses that are not recoverable as a matter of law, or that are unnecessary, unreasonable, or both.

### ELEVENTH DEFENSE

Plaintiff's claims for damages are barred because Plaintiff or its corporate affiliates failed to act in good faith.

### TWELTH DEFENSE

Plaintiff's claims are barred because the goods conformed to specifications.

### THIRTEENTH DEFENSE

The Defendant intends to rely upon any and all other defenses which become known to it up until and during trial of this matter.

WHEREFORE, the Defendant prays that this Court enter an order granting judgment in favor of the Defendant, dismissing the cause of action with prejudice, and awarding the Defendant its costs, attorney's fees and whatever other relief the Court deems just and proper.

DEMAND FOR JURY TRIAL

The Defendant demands trial by jury in this case.

Respectfully submitted,


AMERICAN ACCESSORIES
INTERNATIONAL, L.L.C

_____/s/ F. Douglas Ross_____
F. Douglas Ross, Esquire (VSB No. 23070)
Bruce M. Blanchard, Esquire (VSB No. 23778)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue
Reston, Virginia  20190
Telephone: (703) 218-2100
Facsimile:  (703) 218-2160
E-mail:  Douglas.Ross@ofplaw.com
          Bruce.Blanchard@ofplaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2014, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically notify the following:

Turner Broughton (VSB #42627)
Williams Mullen
200 South 10th Street
Richmond, VA 23219
Phone: (804) 420-6000
Fax: (804) 420-6507
tbroughton@williamsmullen.com

Anand Agneshwar
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
Phone: (212)715-1000
Fax: (212)715-1399
anand.agneshwar@aporter.com

Paige Sharpe (VSB # 88883)
Michael Kientzle (VSB # 85487)
michaeI.kientzle@aporter.com
Arnold & Porter LLP
601 Massachusetts Avenue NW
Washington, DC 20001

Respectfully submitted,


AMERICAN ACCESSORIES
INTERNATIONAL, L.L.C

_____/s/ F. Douglas Ross_____
F. Douglas Ross, Esquire (VSB No. 23070)
Bruce M. Blanchard, Esquire (VSB No. 23778)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue
Reston, Virginia  20190
Telephone:  (703) 218-2100
Facsimile:  (703) 218-2160
E-mail:  Douglas.Ross@ofplaw.com
              Bruce.Blanchard@ofplaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2015, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically notify the following:

Turner Broughton (VSB #42627)
Williams Mullen
200 South 10th Street
Richmond, VA 23219
Phone: (804) 420-6000
Fax: (804) 420-6507
tbroughton@williamsmullen.com

Anand Agneshwar
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
Phone: (212)715-1000
Fax: (212)715-1399
anand.agneshwar@aporter.com

Paige Sharpe (VSB # 88883)
Michael Kientzle (VSB # 85487)
michael.kientzle@aporter.com
Arnold & Porter LLP
601 Massachusetts Avenue NW
Washington, DC 20001

Phone: (202)942-5000
Fax: (202) 942-5999
paige.sharpe@aporter.com

Counsel for Plaintiff

       /s/ F. Douglas Ross
F. Douglas Ross, Esquire (VSB No. 23070)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue
Reston, Virginia  20190
Telephone: (703) 218-2100
Facsimile:  (703) 218-2160
E-mail:  Douglas.Ross@ofplaw.com
*Counsel for American Accessories International, LLC*