**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ACCESSORIES INTERNATIONAL, L.L.C., <br><br> Defendant. | Civil Action No. 3:15-cv-00577 |

**PROTECTIVE ORDER UNDER FED. R. EVID. 502(d) REGARDING NON-WAIVER
OF INFORMATION SUBJECT TO PRIVILEGE
AND/OR WORK PRODUCT PROTECTION**

Pursuant to the agreement reached between Plaintiff Philip Morris USA Inc. ("PM USA") and Defendant American Accessories International, L.L.C. ("AAI"), this Court adopts and orders the following Federal Rule of Evidence 502(d) Order:

1. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

2. "Protected Information" means information that is privileged and/or protected by the work product doctrine.

3. Subject to the provisions of this Order, a party's disclosure of Protected Information shall not constitute a waiver—in this or any other action—of any claim of privilege and/or work product protection that the party disclosing the information (the "Disclosing Party'") would otherwise be entitled to assert with respect to the information and its subject matter.

4. Upon learning of the disclosure of Protected Information, the Disclosing Party shall promptly give all counsel of record written notice of the disclosure. The notice shall

1

sufficiently identify the claimed Protected Information that was produced (including the format of the production—e.g., paper, electronically stored information, or tangible thing) and the date(s) the claimed Protected Information was produced. The notice shall also contain a statement that the claimed Protected Information was disclosed without intending a waiver by the disclosure. If the Disclosing Party claims that only a portion of a document, electronically stored information, or tangible thing produced contains Protected Information, the Disclosing Party shall also provide a new copy of the document, electronically stored information, or tangible thing with the claimed Protected Information redacted. The Disclosing Party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such disclosure, and the party receiving the claimed Protected Information (the "Receiving Party") agrees to not challenge the reasonableness of such efforts.

5. Upon receiving notice of a disclosure of Protected Information, the Receiving Party must promptly return and/or destroy the claimed Protected Information and any copies and destroy any notes that reproduce, copy, or otherwise disclose the contents of the claimed Protected Information. The Receiving Party shall promptly advise the Disclosing Party in writing of said return and/or destruction.

6. Notwithstanding a Receiving Party's duties under Paragraph 5, if a Receiving Party disagrees that information identified in a notice of disclosure by the Disclosing Party is Protected Information, the Receiving Party may retain the information pending resolution of the dispute. The Receiving Party shall serve written notice on the Disclosing Party of its objection concerning the information within five (5) days of receiving the notice of disclosure. The parties shall then confer concerning the objection within five (5) days thereafter. If the objection is not resolved, the Receiving Party shall, within ten (10) days of the conference, file and serve a

2

motion to resolve the dispute. The parties, in connection with such dispute, may make reference to the contents of the information in any submission to the Court, so long as such filing is made under seal. Either party may provide the information at issue to the Court for an in camera review unless otherwise ordered by the Court. The Disclosing Party retains the burden of establishing the privileged and/or protected nature of the information. If the Court sustains the claim that the disclosed information is privileged and/or work product-protected, the Receiving Party must, within ten (10) days of the Court's order, return and/or destroy the Protected Information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the contents of the Protected Information. The Receiving Party shall promptly advise the Disclosing Party in writing of said return and/or destruction.

7. Upon receiving notice of a disclosure of Protected Information, the Receiving Party may not use or disclose the claimed Protected Information in any way other than in accordance with the dispute procedure provided above. This duty expires if this Court rules that the information is not privileged or protected by the work product doctrine.

8. If the Receiving Party disclosed information before being notified by the Disclosing Party that it was Protected Information, the Receiving Party must take reasonable steps to retrieve and prevent further use or distribution of such information. This duty expires if this Court rules that the information is not privileged or protected by the work-product doctrine.

9. A Receiving Party is under a good-faith obligation to promptly alert the Disclosing Party if information disclosed by a Disclosing Party appears to be Protected Information on its face or in light of facts known to the Receiving Party.

10. Nothing in this Order shall be construed to require the production of any information that a party contends is protected from disclosure on the basis of privilege and/or the work product doctrine.

11. Nothing in this Order shall prevent a Party from purposely and intentionally waiving a privilege or work product protection, thereby implicating Federal Rule of Evidence 502(a), or shall be construed to limit the application of "at issue" waiver.

12. This Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.

DONE and ORDERED this the 25th day of February, 2016.

/s/
John A. Gibney, Jr.
United States District Judge

Respectfully submitted,

WILLIAMS MULLEN

Turner Broughton (VSB # 42627)
tbroughton@williamsmullen.com
Williams Mullen
A Professional Corporation
200 South 10th Street
Richmond, VA 23219
Phone: (804) 420-6000
Fax:   (804) 420-6507

Anand Agneshwar (*pro hac vice*)

ODIN, FELDMAN & PITTLEMAN, P.C.

F. Douglas Ross (VSB # 23070)
Douglas.Ross@ofplaw.com
Bruce M. Blanchard (VSB # 23778)
Bruce.Blanchard@ofplaw.com
Luke J. Archer (VSB # 81815)
Luke.Archer@ofplaw.com
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue
Reston, Virginia 20190
Phone: (703) 218-2100

anand.agneshwar@aporter.com
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
Phone: (804) 420-6000
Fax:    (804) 420-6507

Paige Sharpe (VSB #88883)
paige.sharpe@aporter.com
Michael Kientzle (VSB # 85487)
michael.kientzle@aporter.com
Arnold & Porter LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Phone: (202) 942-5000
Fax:    (202) 942-5999
*Counsel for Plaintiff Philip Morris USA Inc.*

Fax:    (703) 218-2160
*Counsel for Defendant
American Accessories International, L.L.C.*