UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ACCESSORIES INTERNATIONAL, L.L.C., <br><br> Defendant. | Civil Action No. 3:15-cv-00577 |

## STIPULATED PROTECTIVE ORDER

Upon the request of the plaintiff, Philip Morris USA Inc. ("PM USA"), and the defendant, American Accessories International, L.L.C. ("AAI"), in the above-captioned action, that a protective order be entered and upon good cause shown, in order to ensure that information, documents, or other materials or tangible items submitted by any party or third party, whether pursuant to compulsory process or voluntary, is not improperly used or disclosed, IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated as Confidential or Highly Confidential.

2. All information, documents, or materials produced in this action by any party or any third party (collectively "Producing Parties") shall be utilized by the receiving party only for the prosecution or defense of this case.

3. The term "document," "documents," or "information" as used in this Protective Order shall have the same meaning as contemplated by the Federal Rules of Civil Procedure, and shall include information, documents, or other materials or tangible items generated for use in this action.

4. The term "Trade Secret" as used in this Protective Order, is defined to include (a) any non-public, information, documents, or materials that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury or (b) information, documents, or materials that constitute or contain trade secrets pursuant to the laws of the Commonwealth of Virginia.

5. The term "Counsel of Record" means outside counsel who appear on the pleadings as counsel for a party.

6. The term "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained in this action, and who are not current employees of a party or of a competitor of a party and who, at the time of retention, are not anticipated to become employees of a party or of a competitor of a party. This definition includes ESI vendors and professional jury or trial consultants retained in connection with this litigation. Professional vendors do not include consultants who fall within the definition of Expert.

### Confidential Information

7. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents, or other materials or tangible items used or

generated for use in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, personal information, commercially sensitive or commercially valuable information, information protected from disclosure by contractual obligations with third parties, or information that is otherwise protectable under applicable law. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "CONFIDENTIAL" OR "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN <u>PHILIP MORRIS USA INC. V. AMERICAN ACCESSORIES INTERNATIONAL, L.L.C.</u>" If the "Confidential" designation may not be made in such manner, such as if the document is produced as a native file that cannot be "stamped," the "Confidential" designation shall be made by other reasonable means, such as by indicating confidentiality on the slip sheet for the produced native file.

8.  Depositions may be designated Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page, and, if the court reporter has the capability without unduly delaying production of the transcript or unduly increasing the cost of its production, then also in the header of each page of the deposition transcript the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN <u>PHILIP MORRIS USA INC. V. AMERICAN ACCESSORIES INTERNATIONAL, L.L.C.</u>" Within ten (10) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing

counsel of the specific pages and lines in which Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made. Those individuals listed below in Paragraph 9 may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

9. Confidential information used in this litigation may be disclosed only to:

   a. This Court and its personnel.

   b. Counsel of Record and any other counsel of a party from whom advice or assistance is sought or obtained regarding this litigation, including all attorneys, paralegal assistants, stenographic and clerical employees actively working on the litigation under the direct supervision of such counsel.

   c. Any independent consultant, investigator, or expert with specialized knowledge or experience in a matter pertinent to the litigation not employed by a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or of a competitor of a party, who is expressly retained or sought to be retained by a party or any attorney described in Paragraph 9(b) to assist in the preparation and trial for this action ("Expert"), but only to the extent reasonably necessary to enable such Expert to render such assistance.

   d. A deponent, but only during the course of his or her deposition, so long as the deponent is an employee of the Designating Party, a 30(b)(6) deponent of the Designating Party, or pursuant to this Protective Order is otherwise authorized to view the Confidential information and provided that no other person who is not authorized pursuant to this Protective Order to view Confidential information is in attendance at the time the Confidential information is disclosed.

   e. Court reporters and videographers employed in connection with this case.

   f. A person who previously had access to the Confidential information as a named addressee, recipient, or author of the Confidential information.

   g. Professional Vendors to whom disclosure is reasonably necessary for this litigation.

      h.      Officers, directors, in-house counsel, or in-house litigation managers of a party.

      i.      Employees of a party who are required in good faith to provide assistance in the course of this action.

10.    Where any Confidential information or information derived from Confidential information is included in any Court filing, such filing shall be marked "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN <u>PHILIP MORRIS USA INC. V. AMERICAN ACCESSORIES INTERNATIONAL, L.L.C.</u> - <u>DISSEMINATION RESTRICTED BY COURT ORDER</u>**" and placed in a sealed envelope marked with the caption of the case, filed, and held under seal. The filing party shall take all necessary steps to ensure that any such Confidential information or information derived from Confidential information will be maintained under seal by the Court. *[handwritten: The parties will follow Local Rule 5 with regard to sealing documents in the Court's file.]* *[initialed]*

### Highly Confidential Information

11.    Any Designating Party who produces or supplies information, documents, or other materials or tangible items generated by it for use in this action may designate as "Highly Confidential" any information, documents or other materials:

      A.      That constitute or contain (i) product formulas, specifications, recipes and manufacturing processes for products other than those products relating to or arising from the previous commercial associations between AAI, including any corporate parents, subsidiaries, divisions, and affiliates, and PM USA, including any corporate parents, subsidiaries, divisions, and affiliates; (ii) information directly relating to the development of products or technologies currently marketed or to be marketed in the future; (iii) current or future marketing plans and methods; (iv) business planning and financial documents having current or future applicability; and (v) other information that constitutes "Trade Secrets" (as defined in Paragraph 4), when any

5

of the information is so proprietary or competitively sensitive that its disclosure is likely to cause irreparable commercial harm to the Designating Party; **AND**

  B. The disclosure of which is very likely to cause irreparable and significant commercial harm to the Designating Party;

  12. The designation "Highly Confidential" shall be made by affixing on the document or material containing such information, and upon each page of a document so designated if practicable, a legend that in substance states: "**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN PHILIP MORRIS USA INC. V. AMERICAN ACCESSORIES INTERNATIONAL, L.L.C.**" If the "Highly Confidential" designation may not be made in such a manner, such as if the document is produced as a native file that cannot be "stamped," the "Highly Confidential" designation shall be made by other reasonable means, such as by indicating confidentiality on the slip sheet for the produced native file

  13. Highly Confidential information shall not be disclosed, other than as expressly authorized in this Protective Order, and may be disclosed only as follows:

    a. Disclosure may be made to this Court and its personnel. Paragraph 10 of this Protective Order shall apply to any disclosure of Highly Confidential information to the Court, except that the cover page of the filed documents or materials shall be marked: "**HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN PHILIP MORRIS USA INC. V. AMERICAN ACCESSORIES INTERNATIONAL, L.L.C. - DISSEMINATION RESTRICTED BY COURT ORDER.**" Only Designated Attorneys (defined in Paragraph 13(b)) and counsel for the Designating Party shall be served with copies of court filings of Highly Confidential information. Counsel of Record otherwise shall have access solely in accordance with Paragraph 13(b).

    b.    Access to Highly Confidential information shall be limited to eight (8) Counsel of Record representing the party seeking discovery ("Designated Attorneys") and up to 8 attorneys, paralegal assistants, stenographic, and clerical employees working under the direct supervision of such counsel ("Designated Staff"). Prior to accessing Highly Confidential information, Designated Attorneys and Designated Staff must execute Confidentiality Acknowledgment A, retain the original signed acknowledgment, and serve promptly a copy of the signed acknowledgment on all Counsel of Record.

    c.    Highly Confidential information shall be produced directly into the custody of one of the Designated Attorneys.

    d.    Disclosure of Highly Confidential information may be made to Experts, subject to Paragraph 17.

    e.    A Designated Attorney shall, upon granting access to Highly Confidential information to any other authorized person who is not a Designated Attorney or Designated Staff, maintain a written record of the identity of each such person and the identity of the information to which they have been given access. A copy of this written record shall be produced to any Designating Party upon request after the conclusion of this action, unless otherwise ordered by the Court.

    g.    Court reporters and videographers employed in connection with this case.

    h.    A person who previously had access to the Highly Confidential information as a named addressee, recipient, or author of the Highly Confidential information.

    i.    Professional Vendors to whom disclosure is reasonably necessary for this litigation.

14. Without further order of the Court, a party may use Highly Confidential information in deposing only (a) an individual who is or was eligible to have access to the

Highly Confidential information by virtue of his or her employment with the Designating Party or a 30(b)(6) deponent of the Designating Party; (b) an Expert qualified to review Highly Confidential information under Paragraph 17; or (c) any person who is otherwise authorized to view Highly Confidential information pursuant to this Protective Order, including those individuals listed above in Paragraph 13.

15. No one may attend the portions of any depositions during which Highly Confidential information is shown or discussed, or review the transcripts of said portions thereof, other than the court reporter, Designated Attorneys, counsel for the Designating Party, the deponent, and counsel for the deponent (provided deponent and deponent's counsel have previously executed the Confidentiality Acknowledgment A), and Experts qualified to review Highly Confidential information under Paragraph 17. If during a deposition any attorney in good-faith believes that the disclosure or use of Highly Confidential information is imminent, he or she shall interrupt the deposition and require that any attendants to the deposition other than those listed above temporarily leave the deposition until the imminence of such disclosure or use has subsided.

16. Depositions may be designated Highly Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Highly Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page and, if the court reporter has the capability without unduly delaying production of the transcript or unduly increasing the cost of its production, then also in the header of each page of the deposition transcript, the following indication: **"DEPOSITION CONTAINS HIGHLY CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN <u>PHILIP MORRIS</u>**

<u>**USA INC. V. AMERICAN ACCESSORIES INTERNATIONAL, L.L.C."**</u> Within ten (10) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Highly Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Highly Confidential and amend the cover page to reflect that these specific designations have been made. Designated Attorneys may have immediate access to the deposition transcript, but prior to receipt of the page and line designations, shall treat the entire transcript as Highly Confidential information, if so designated at the deposition.

<u>General Provisions</u>

17. Prior to obtaining access to Confidential or Highly Confidential information, any person to whom Confidential or Highly Confidential information may be disclosed pursuant to Paragraphs 9(b), (c), (d), (e), (g), (h), (i), 13(b), (d), (g), (i), and 21 hereof, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Prior to disclosing any Highly Confidential information to any Expert pursuant to Paragraph 13, counsel for the party contemplating such disclosure shall determine that:

    a. disclosure to any Expert of particular Highly Confidential information is, in that counsel's good faith judgment, reasonably necessary to that party's prosecution or defense of the case, and

    b. counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Protective Order.

Counsel for the party obtaining a person's signature on a Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all Counsel of Record.

18. Any presentation of Confidential or Highly Confidential information to the Court prior to trial shall be made in the presence of only those persons authorized to have access to such information under this Protective Order.

19. Except to the extent expressly authorized in this Protective Order, Confidential or Highly Confidential information shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of Paragraph 29.

20. Any summary, compilation, notes, copy, electronic image, or database containing Confidential or Highly Confidential information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image, or database is made or derived.

21. If a party wishes to disclose Confidential or Highly Confidential information to any person not described in Paragraph 9 or 13 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party does not respond in writing agreeing to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

22. With regard to Confidential Information designations, any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the Bates range corresponding to the beginning and end of each document subject to objection as well as the Bates number of the particular page or pages of such documents that

actually contain the designated material to which the objection is made. The Parties shall, within fifteen (15) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be re-designated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material that is redesignated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party that so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

23. With regard to Highly Confidential designations, any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the Bates range corresponding to the beginning and end of each document subject to objection as well as the Bates number of the particular page or pages of such documents that actually contain the designated material to which the objection is made. The Parties shall, within five (5) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within five (5) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be re-designated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material that is redesignated or ceases to be subject to the protection of this Protective

Order, the Designating Party shall, at its expense, provide to each party that so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

24. Failure to designate any information as Confidential or Highly Confidential pursuant to this Protective Order shall not be deemed a waiver of the right to assert confidentiality and does not preclude a Producing Party from subsequently making such a designation, so long as such claim is asserted within fifteen (15) days of the Producing Party's discovery of the failure to designate. If a subsequent confidentiality designation is made, all un-marked copies of material shall be treated by Receiving Party as being properly labeled and arrangements shall be made for the Producing Party to substitute properly labeled copies. Upon receipt of a labeled copy, the Receiving Party shall destroy any and all un-marked copies of the material.

25. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

26. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential or Highly Confidential information that a party has obtained under the terms of this Protective Order, counsel for such party shall notify the Designating Party in writing within forty-eight (48) hours of receiving the production request, unless earlier notice is necessary for the Designating Party to obtain relief, and shall not produce the Confidential or Highly Confidential information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party

from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

27. This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential or Highly Confidential information may be disclosed other than in accordance with this Protective Order.

28. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

29. This Protective Order is not intended to govern the use of Confidential or Highly Confidential information at any trial of this action. Questions of the protection of Confidential or Highly Confidential information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

30. This Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Protective Order, notwithstanding the termination of this action.

31. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential or Highly Confidential information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall, at the sole option of the Designating Party, destroy such information. However, documents or materials that contain Confidential or Highly Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party but shall be

destroyed within the same time frame. Counsel for any party or third party receiving Confidential or Highly Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential or Highly Confidential information. Any such archival copies that contain or constitute Confidential or Highly Confidential information remain subject to this Protective Order.

Dated: __2/25__, 2016

DONE and ORDERED this the 25th day of February, 2016.

/s/ _____
John A. Gibney, Jr.
United States District Judge

Respectfully submitted,

| | |
|---|---|
| WILLIAMS MULLEN | ODIN, FELDMAN & PITTLEMAN, P.C. |
| /s/ Turner B. Broughton | /s/ F. Douglas Ross |
| Turner Broughton (VSB # 42627) | F. Douglas Ross (VSB # 23070) |
| tbroughton@williamsmullen.com | Douglas.Ross@ofplaw.com |
| Williams Mullen | Bruce M. Blanchard (VSB # 23778) |
| A Professional Corporation | Bruce.Blanchard@ofplaw.com |
| 200 South 10th Street | Luke J. Archer (VSB # 81815) |
| Richmond, VA 23219 | Luke.Archer@ofplaw.com |
| Phone: (804) 420-6000 | ODIN, FELDMAN & PITTLEMAN, P.C. |
| Fax:   (804) 420-6507 | 1775 Wiehle Avenue |
| | Reston, Virginia 20190 |
| Anand Agneshwar (*pro hac vice*) | Phone: (703) 218-2100 |
| anand.agneshwar@aporter.com | Fax:   (703) 218-2160 |
| Arnold & Porter LLP | *Counsel for Defendant* |
| 399 Park Avenue | *American Accessories International, L.L.C.* |
| New York, NY 10022 | |
| Phone: (804) 420-6000 | |
| Fax:   (804) 420-6507 | |

Paige Sharpe (VSB #88883)
paige.sharpe@aporter.com
Michael Kientzle (VSB # 85487)
michael.kientzle@aporter.com
Arnold & Porter LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Phone: (202) 942-5000
Fax:   (202) 942-5999
*Counsel for Plaintiff Philip Morris USA Inc.*

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (RICHMOND DIVISION)

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ACCESSORIES INTERNATIONAL, L.L.C.,<br><br>Defendant. | Civil Action No. 3:15-cv-00577 |

### CONFIDENTIALITY ACKNOWLEDGMENT A

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential or Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential or Highly Confidential information. I also shall return all Confidential or Highly Confidential information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the

Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
**Signature**

_____
**Printed Name**

_____
**Address**

_____
**Individual or Entity Represented**

Subscribed and sworn to before this _____ day of _____, 20__

_____
Notary Public

My commission expires: _____

2