**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ACCESSORIES INTERNATIONAL, L.L.C., <br><br> Defendant. | **Civil Action No. 3:15-cv-00577-JAG** |

### PM USA'S MEMORANDUM OF LAW IN OPPOSITION TO AAI'S MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF RICHARD STERN

Turner Broughton (VSB # 42627)
Brendan O'Toole (VSB # 71329)
WILLIAMS MULLEN
A Professional Corporation
200 South 10th Street
Richmond, VA  23219
Phone: (804) 420-6000
Fax:    (804) 420-6507

Anand Agneshwar (*pro hac vice*)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022
Phone: (212) 715-1000
Fax:    (212) 715-1399

Paige Sharpe (VSB # 88883)
Jocelyn Wiesner (*pro hac vice*)
Emily May (*pro hac vice*)
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC  20001
Phone: (202) 942-5000
Fax:    (202) 942-5999

Dated:  June 16, 2016                    *Counsel for Plaintiff Philip Morris USA Inc.*

## TABLE OF CONTENTS

**Page**

I. BACKGROUND ................................................................................................................. 1

II. LEGAL STANDARD ......................................................................................................... 2

III. ARGUMENT ...................................................................................................................... 3

    A. Mr. Stern Is Qualified to Opine on the Flashlight's Defect. ................................... 3

    B. Mr. Stern Has an Adequate Factual Basis to Testify About the Flashlight's Design. ...................................................................................................................... 5

    C. Mr. Stern's Opinions About Best Practices for Manufacturers Are Admissible. ... 6

IV. CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alevromagiros v. Hechinger Co.*,
   993 F.2d 417 (4th Cir. 1993) ............................................................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ................................................................................................1, 2, 3

*Hammond v. Int'l Harvester Co.*,
   691 F.2d 646 (3d Cir.1982) ................................................................................................4

*Kopf v. Skyrm*,
   993 F.2d 374 (4th Cir. 1993) ............................................................................................3

*Maryland Cas. Co. v. Therm-O-Disc, Inc.*,
   137 F.3d 780 (4th Cir. 1998) ............................................................................................2

*Sutton v. Roth, L.L.C.*,
   361 F. App'x 543 (4th Cir. 2010) ......................................................................................5

*United States v. Garcia*,
   752 F.3d 382 (4th Cir. 2014) ............................................................................................3

*United States v. Wilson*,
   484 F.3d 267 (4th Cir. 2007) ............................................................................................3

*Wisdom v. TJX Companies, Inc.*,
   410 F. Supp. 2d 336 (D. Vt. 2006) ....................................................................................4

**Statutes**

15 U.S.C. § 2064(b) .................................................................................................................4

**Other Authorities**

Fed. R. Evid. 702 .....................................................................................................................3

In its motion to preclude the testimony of Richard Stern,[1] AAI claims that Mr. Stern does not offer relevant testimony on product defect. One may justifiably question why any testimony is needed in this case on product defect, since AAI previously conceded that issue. There is no dispute that the Flashlight that is the subject of this litigation caused unintended ignition and exploded in consumers' hands. Both AAI and PM USA believed that consumers needed to be provided some type of remedy. And both AAI and PM USA concluded that no further shipments of Flashlights should take place.

Notwithstanding these concessions, AAI's counsel has advised that AAI refuses to concede that there was a product defect. As such, PM USA should be allowed to present testimony to show why there was. AAI nevertheless seeks to exclude Mr. Stern, PM USA's expert on that issue, asserting that he lacks "proper qualifications" and "factual grounding" and that he opines on the parties' contractual obligations. Boiled down to their essence, the arguments are not a basis to exclude Mr. Stern under *Daubert* but instead should be reserved for cross-examination at trial. AAI's motion should be denied.

## I.     BACKGROUND

Richard Stern has substantial expertise in the area of consumer product and process safety, having served from 1998 to 2007 as Associate Director in the Recalls and Compliance Division of the U.S. Consumer Product Safety Commission ("CPSC"). **AAI Mot. Ex. A** at Appendix B.[2] In that role, he investigated potential product safety hazards, performed risk assessments, and negotiated corrective action plans. *Id.* From 2007 to 2013, Mr. Stern was

---

[1]    Mem. in Supp. of Def.'s Mot. to Exclude Ops. and Test. of Pl.'s Expert Richard L. Stern ("AAI Mot.").

[2]    The exhibits attached to previously filed motions and referenced in this opposition have already been authenticated and are not reattached here. A declaration of Paige Sharpe authenticating the exhibits attached to this opposition is included as Exhibit 3.

Senior Manager of the Whirlpool Corporation's Global Product Safety Department. *Id.* At Whirlpool, he counseled employees about product hazard management systems and provided daily product safety and compliance advice regarding the development and manufacturing of new products. *Id.* Mr. Stern continues to specialize in product safety today. He is a manager in Exponent's Mechanical Engineering practice, where he evaluates and develops management systems and processes for the design and manufacturing of safe products. *Id.*

Drawing on decades of experience in the field of consumer product and process safety, Mr. Stern plans to testify about the Flashlight's design and field performance, as well as the importance of designing for safety. *Id.* at 5-13. Mr. Stern specifically will trace the Flashlight's unintended ignition when in the hands of consumers back to its unsafe design. *Id.* at 10-11. And Mr. Stern will testify about best practices that apply to consumer product manufacturers, including AAI. *Id.* at 5-7.

## II.  LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The Rule requires that (1) the expert be qualified, (2) the testimony address a subject matter on which the factfinder can be assisted by an expert, (3) the testimony be reliable, and (4) the testimony "fit" the facts of the case. Fed. R. Evid. 702, Advisory Comm.'s Note (2000 Amendments). The inquiry envisioned by Rule 702 is, as the Supreme Court emphasized in *Daubert*, "a flexible one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594 (1993). The Rule's "overarching subject is the scientific validity — and thus the evidentiary relevance and reliability — of the principles that underlie a proposed submission." *Id.* at 594-95. A party need establish its expert's admissibility only by a preponderance of the evidence. *Maryland Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

A witness's qualifications to render an expert opinion are liberally judged by Rule 702. *Kopf v. Skyrm,* 993 F.2d 374, 377 (4th Cir. 1993); *see* Fed. R. Evid. 702 (a witness may be "qualified as an expert by knowledge, skill, experience, training or education"). When those qualifications are challenged, "the test for exclusion is a ***strict*** one." *Kopf*, 993 F.2d at 377 (emphasis added) (internal quotations omitted). To exclude an expert based on insufficient qualifications, an expert must have "neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered." *Id.* (internal quotations omitted); *see also, e.g.*, *United States v. Garcia*, 752 F.3d 382, 391 (4th Cir. 2014) (qualifying expert witness based solely on five years' experience in the field); *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (similar).

In addition, in considering a motion to exclude, the Supreme Court has cautioned that a court must remain mindful of its limited "gate keeping" role:

> Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. . . . These conventional devices, rather than wholesale exclusion . . . are the appropriate safeguards where the basis of [expert] testimony meets the standards of Rule 702.

*Daubert*, 509 U.S. at 596; *see also* Fed. R. Evid. 702, Advisory Comm.'s Note (2000 Amendments) ("[T]he rejection of expert testimony is the exception rather than the rule" and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.").

### III. ARGUMENT

#### A. Mr. Stern Is Qualified to Opine on the Flashlight's Defect.

Mr. Stern will testify how the information the companies received from consumers about the Flashlight's unintended ignition — *i.e.*, how the Flashlight performed and failed in the field

3

— can be traced to a defect in the product's design. That is a central issue in the case. A factfinder must determine whether the Flashlight had a "defect" in "design" in order to assess whether AAI breached its warranty and indemnification obligations. Moreover, once PM USA and AAI had information reasonably supporting the conclusion that the Flashlight had a defect that could create a substantial product hazard, the companies had a duty to report the problem to CPSC. 15 U.S.C. § 2064(b).

Mr. Stern's qualifications fit comfortably within this area. As noted, he has more than twenty years of experience in the field of product and process safety, including ten years at CPSC, where he conducted thousands of product safety investigations. **AAI Mot. Ex. A** at Appendix B. He served for six years as a global safety manager at Whirlpool. *Id.* He drew upon his extensive knowledge and experience regarding product safety, including investigating accidents and safety defect allegations, to render his opinions in this case.

Contrary to AAI's arguments, engineering expertise is not required for Mr. Stern to testify about the Flashlight's defect. *See, e.g.*, *Hammond v. Int'l Harvester Co.*, 691 F.2d 646, 653 (3d Cir.1982) (retailer with sales experience in automotive and agricultural equipment permitted to testify as an expert regarding tractor's defective design); *Wisdom v. TJX Companies, Inc.*, 410 F. Supp. 2d 336, 341-43 (D. Vt. 2006) (consultant with forty years of retail marketing experience qualified to testify as an expert on clothing rack's defective design).

Nor is fire investigation expertise or testing of the Flashlight necessary to determine that the Flashlight is defective. AAI Mot. at 3. AAI has conceded that the Flashlight can ignite in consumers' hands unintentionally as a result of the matches hitting the striker pad. **PM's S.J. Mot. Ex. 32**; **PM's S.J. Mot. Ex. 33**; **PM's S.J. Mot. Ex. 34**. The technical science behind *how*

4

that occurs — that matches can start fires — is beside the point.  No fire investigation or testing was required to determine the possibility of unintended ignition or the reason for it.  *See id.*

### B. Mr. Stern Has an Adequate Factual Basis to Testify About the Flashlight's Design.

AAI asserts that Mr. Stern needed to test the Flashlight in order to opine on defect.  But that argument is belied by the fact that AAI's own engineering expert reached her conclusion regarding the design of the Flashlight — and specifically the adequacy of the foam insert — without doing any testing on the foam or even knowing what type of foam was used in the Flashlight.  *See* **Ex. 1** (Elizabeth Buc Dep. 10:8-15, 38:12-39:6, 44:23-45:14, 45:18-24, 46:8-17, 47:4-13).[3]  Moreover, Mr. Stern's opinions are based on the information received from consumer experiences about the Flashlight in the field, as well as AAI's admissions from the results of its own testing.  This is precisely the type of information Mr. Stern typically relies on in reaching conclusions from product safety investigations.

In addition, Mr. Stern drew his conclusions about the Flashlight's hazard by applying applicable standards to the information he received about the product.  That is an appropriate basis for determining defect.  *See Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420-21 (4th Cir. 1993) ("In determining what constitutes an unreasonably dangerous defect, a court will consider safety standards promulgated by the government or the relevant industry, as well as the reasonable expectations of consumers.") (citing *Sexton v. Bell Helmets, Inc.*, 926 F.2d 331, 337 (4th Cir. 1991) (applying Kentucky law)); *Sutton v. Roth, L.L.C.*, 361 F. App'x 543, 547 (4th Cir. 2010) ("Under Virginia law, government standards, industry standards, or the reasonable expectations of consumers can constitute evidence of a standard of care in a products liability

---

[3]  A list of the Exhibits attached and cited herein is provided at Appendix A.

case."). AAI does not dispute that the industry safety standards that Mr. Stern cited and applied are applicable here.

### C. Mr. Stern's Opinions About Best Practices for Manufacturers Are Admissible.

AAI wrongly asserts that PM USA offered Mr. Stern to testify as to the parties' contractual obligations. Mr. Stern will not testify regarding liability under the parties' contract. Nor will he offer any opinion as to PM USA's processes for working with its suppliers.

Rather, Mr. Stern will testify about best practices for consumer product manufacturers in AAI's position, based on applicable industry guidance. *See* **AAI Mot. Ex. A** at 5-7, 10-11. AAI does not dispute that it is the manufacturer of the Flashlight. *See, e.g.*, **Ex. 2** (Nancy Nord Dep. 14:15-22); **PM's S.J. Mot. Ex. 32**. Nor does AAI dispute that the sources Mr. Stern cites in his report, such as CPSC's Handbook for Manufacturing Safer Products, set forth the applicable expectations for manufacturers of consumer products. *See, e.g.*, **Ex. 2** (Nancy Nord Dep. 22:7-24:1). Under that guidance, a consumer product manufacturer occupies a specific place with regard to product design and is expected to comply with best practices. *See id.* at 112:3-16 (manufacturers are in the best position to report to the CPSC because they know their products best).

Mr. Stern's testimony about manufacturer best practices will be helpful to consider whether an "error" or "omission" by AAI caused the problem with the Flashlight, thereby triggering an indemnification obligation. That issue is squarely relevant. Mr. Stern has significant knowledge and experience that will help a factfinder reach a conclusion on the topic.[4]

---

[4] AAI seeks to exclude Mr. Stern's rebuttal opinion and related testimony for the same reasons it challenges the opinions in his opening report. Because the challenges to his opening report fail, the challenges to his rebuttal testimony fail as well.

## IV. CONCLUSION

The court should permit Mr. Stern to testify as an expert in this case. He is well qualified to testify as to the product's design and best practices for manufacturers developing products.

Date: June 16, 2016 _____/s/_____
Turner Broughton (VSB # 42627)
tbroughton@williamsmullen.com
Brendan O'Toole (VSB # 71329)
botoole@williamsmullen.com
WILLIAMS MULLEN
A Professional Corporation
200 South 10th Street
Richmond, VA 23219
Phone: (804) 420-6000
Fax: (804) 420-6507

Anand Agneshwar (*pro hac vice*)
anand.agneshwar@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
Phone: (212) 715-1000
Fax: (212) 715-1399

Paige Sharpe (VSB # 88883)
paige.sharpe@aporter.com
Jocelyn Wiesner (*pro hac vice*)
Jocelyn.wiesner@aporter.com
Emily May (*pro hac vice*)
emily.may@aporter.com
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Phone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiff Philip Morris USA Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of June 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following, as well as a copy via email and mail to:

F. Douglas Ross
Douglas.Ross@ofplaw.com
Bruce M. Blanchard
Bruce.Blanchard@ofplaw.com
Luke J. Archer
Luke.Archer@ofplaw.com
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190

R. Bradford Brittian
bbrittian@merchantgould.com
John T. Winemiller
jwinemiller@merchantgould.com
MERCHANT & GOULD P.C.
9717 Cogdill Road, Suite 101
Knoxville, TN 37932

Joseph Andrew Keyes
akeyes@wc.com
Richmond Turner Moore (*pro hac vice*)
rtmoore@wc.com
Shauna Meryl Kramer (*pro hac vice*)
skramer@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005

*Counsel for Defendant*
*American Accessories International, L.L.C.*

                                                          _____/s/_____
                                                          Turner Broughton
                                                          *Counsel for Plaintiff Philip Morris USA Inc.*