IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PHILIP MORRIS USA INC.,
    Plaintiff,

v.                                             Civil Case No. 3:15-cv-00577-JAG

AMERICAN ACCESSORIES
INTERNATIONAL, L.L.C.,
    Defendant.

## ORDER

This matter comes before the Court on the motions to seal filed by the parties. (Dk. Nos. 31, 47, 62, 69, 74, 86, 92.) The parties seek to seal information designated as confidential pursuant to this case's Stipulated Protective Order. According to the parties, "[t]his information includes personal identifying information of consumers who called in with complaints about the product at issue; confidential pricing information; other commercially sensitive contractual terms and conditions; and other commercially sensitive details of the parties' business dealings."

Information that parties consider confidential, however, does not automatically qualify for sealing when filed as a court document. Indeed, "[t]he public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). Before a court may seal any court document, "it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Based on its *in camera* review, the Court finds that, for the most part, no unusual circumstances exist here that outweigh the public's right of access to judicial records. The parties offer no arguments as to why all of the information it seeks to seal warrants sealing, beyond the fact that they believe the information to be confidential. This does not suffice, with one exception. The Court finds that information on consumers who called in with complaints qualifies for sealing to protect those consumers' personal identifying information. Thus, the Court GRANTS IN PART and DENIES IN PART the parties' motions to seal. Specifically, the Court GRANTS the motions to seal only for the medical records of consumers who called in with complaints. For other document containing information about these consumers, the Court DIRECTS the parties to use the less drastic alternative of redacting any personal identifying information. For all other documents, the Court DENIES the parties' motions to seal.

The parties shall re-file all documents previously filed under seal on CM/ECF, including the documents that the parties redact consistent with this Order. The parties need not submit additional courtesy copies to chambers upon filing.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: June 24, 2016  
Richmond, VA

/s/  
John A. Gibney, Jr.  
United States District Judge